## Simmons H. Barrett, Appt., v. Oliver Ditson et al.

The dissolution of a preliminary injunction is an interlocutory decree, an appeal from which the supreme court will dismiss without discussing.

(Argued February 17, 1888. Decided March 12, 1888.)

January Term, 1887, No. 387, E. D., before GORDON, Ch. J., PAXSON, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Schuylkill County dissolving a preliminary injunction. Affirmed.

NOTE.—The act of February 14, 1866, P. L. 28, gave an appeal from the granting of a special injunction, and the act of June 12, 1879, P. L. 177, from the refusal to so grant. In Twelfth Street Market Co. v. Philadelphia & R. Terminal R. Co. 142 Pa. 580, 21 Atl. 902, 989, the supreme court disposed of the case upon appeal from the refusal to grant an injunction, the parties having agreed that a final decree be entered. The provisions of the act of 1879 are not referred to.

Bill in equity by Simmons H. Barrett against Oliver Ditson and Henry L. Williams.

The bill alleged: That Oliver Ditson and Henry L. Williams are engaged in mining coal from the Buck Mountain and other veins of coal on the Conrad Mertz tract of land; that the said Mertz tract adjoins the John Blackey and Thomas Paschall tracts on the north; that complainant is the lessee of the city of Philadelphia, trustee, etc., of the right to dig and mine the coal from the veins of coal on the Thomas Paschall and John Blackey tracts of land, and also the lessee of Peter W. Sheafer, and S. H. Gilbert, executors of John Gilbert, deceased, and others, of the right to dig and mine the coal from the George Flower tract adjoining; that the two leasehold estates and improvements are held and used as one colliery; that the defendants have extended and threatened to extend their mining operations on the veins of coal on the said Mertz tract up to and across the line which divides the said tract from the said Paschall and Blackey tracts; that the veins of coal on the said tracts of land lie at an angle of about 49 degrees, pitching northward; and that if the defendants mine the coal on the said Mertz tract up to the land line, the complainants' coal will slip and fall into the defendants' mining operations below; that the Buck Mountain vein of coal in said tracts contains a loose and disintegrated layer of slate, coal, and sulphurous deposits, called "undermining" which is liable to run, and to maintain the dividing boundary between the respective workings will require a pillar of coal of sufficient size to sustain the complainants' upper workings; that the defendants have no right to mine the coal up to the boundary line, nor within such a distance of said boundary as to cause the coal upon complainants' tract to slip and run, or to otherwise weaken the support of said vein; that a chain pillar of at least thirty yards should be left in place between the upper and lower workings in said veins; that if the defendants are permitted to mine the coal, as they threaten to do, great and irreparable injury will be done to complainant, for which he has no adequate remedy at law.

The complainant prayed that the defendant be restrained temporarily until hearing and perpetually thereafter from extending the mining operations on the veins of coal on the Conrad Mertz tract, beyond a point fifteen yards north from the boundary line on the veins between the said Mertz tract and the John Blackey and Thomas Paschall tracts of land.

A preliminary injunction was granted. On a motion to continue the injunction the defendants claimed the right to mine up to their boundary line, and denied that they have ever mined or intend or have threatened to mine beyond it; that a chain pillar is necessary to preserve in its natural state the coal or surface embraced in plaintiff's lease; that there is a reasonable ground to believe that plaintiff's coal will slip or fall so as to cause irreparable or even considerable damage to the land in its natural state; and that they are under any obligation arising from the maxim, *Sic utere tuo ut alienum non lœdas,* or from the doctrine of lateral support, to do more than to support the land in its natural state, and that such duty cannot legally be enlarged or added to, as plaintiff's testimony shows would be necessary, by plaintiff's use of his land for mining purposes; defendants further claimed that the doctrine of lateral support had never been applied, either in this country or in England, to prevent adjoining mine owners from mining to their boundary lines, and that in reason it should not be.

The court dissolved the preliminary injunction, the judges not being able to agree.

The assignment of error specified this action of the court.

*S. H. Kaercher* and *James Ryon* for appellant.

*Mason Weidman, John W. Ryon,* and *Edmund D. Smith* for appellees.

OPINION BY MR. JUSTICE PAXSON:

This was an appeal from the refusal of the court below to continue a special injunction. It has been our practice for several years not to discuss appeals from interlocutory orders or decrees. If any case could tempt us to depart from this rule, it is the present one. It involves an important and interesting question. We will not make it an exception, however, as time and experience have fully vindicated the wisdom of our practice. It will be time enough to discuss the question involved when the case comes here upon appeal from a final decree, and we have all the facts before us. In the mean time we see no sufficient reason to interfere with the action of the court below.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.